UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHARLES JULIEN** | **CIVIL ACTION NO.:** |
| **VERSUS** | **DISTRICT JUDGE:** |
| **ST. JOHN THE BAPTIST PARISH SCHOOL SYSTEM, CHRISTOPHER MAYES, BRANDON BROWN, HEIDI TROSCLAIR, AND CORY BUTLER** | **MAGISTRATE JUDGE:** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

NOW INTO COURT, through undersigned counsel comes Charles Julien who avers the following:

## PARTIES

1.  Plaintiff is a resident of the State of Louisiana, Parish of St. John the Baptist, is a fifty eight year old male, and is an employee of the St. John the Baptist Parish Public System (SJBPPS).

2.  At all times pertinent, Plaintiff's employer pursuant to 42 USC § 2000 et. seq was the SJBPPS.

3.  The SJBPPS is a public entity that employs over five hundred (500) employees and is charged with the education of thousands of students in St. John the Baptist Parish.

4.  At the time of the incident(s) as complained of herein, Christopher Mayes was the principal of East St. John High School and therefore was employed by the SJBPPS.

5.  Brandon Brown was employed with the SJBPPS as the immediate supervisor of the Plaintiff and Mr. Brown also was employed as the Athletic Director and coach of East St. John High School.

6. Serena Duke was employed with the SJBPPS as a Human Resources Representative.

7. Cory Butler was employed with the SJBPSS as an Interim Superintendent during the relevant time periods as specifically described and indicated herein.

8. Heidi Trosclair was employed with the SJBPSS as an Interim Superintendent during the relevant time periods as specifically described and indicated herein.

9. This Court has original jurisdiction in this action pursuant to 28 USC §§ 1331, 1343 and 1367. Venue is proper in this Court in that all pertinent conduct related to the Defendants and all the Defendants are within the jurisdiction of this Court.

10. Plaintiff filed a complaint with the EEOC on or about February 11, 2020. More than 180 days have elapsed since the filing of the Complaint. On April 6, 2021, Tania H. Reyes of the EEOC issued plaintiff a letter providing plaintiff the right to institute a civil action under Title VII of the Civil Rights act of 1964 as amended, 42 USC 2000e.

11. Plaintiff, a male, was an English teacher and Head Boys Basketball Coach at East St. John High School and ultimately employed by the SJBPSS. Plaintiff began working within the SJBPSS in August of 2017.

12. In October of 2018, Plaintiff filed an internal grievance against Christopher Mayes based on Plaintiff's allegations that Christopher Mayes sexually harassed the Plaintiff with comments and gestures. Specifically, upon information and belief, Plaintiff alleges that Christopher Mayes showed the Plaintiff a picture, without the Plaintiff requesting such, wherein Christopher Mayes appeared to be naked. Immediately thereafter, the Plaintiff alleges that Christopher Mayes put his finger in his mouth and informed the Plaintiff that the action of putting his finger in his mouth is what Christopher Mayes wanted to do with the Plaintiff.

13.	Approximately two days later, Plaintiff was informed by Serena Duke that the SJBPSS did not find any wrongdoing by Christopher Mayes. Additionally, Heidi Troscliar and Cory Butler, who were Superintendents of SJBPSS at all relevant times herein, ignored the complaints of the Plaintiff and refused to investigate the complaints of the Plaintiff.

14.	Several months thereafter, Christopher Mayes and Mr. Brown began to retaliate against the Plaintiff. Beginning mid-April of 2019, Plaintiff and his basketball team were suddenly and without prior warning being locked out of the workout and practice facility. Plaintiff reported the aforementioned lock outs on at least four (4) occasions to Mr. Brown, his immediate supervisor at the time.

15.	In May of 2019, Brandon Brown informed the Plaintiff that insurance would need to be provided by the feeder schools whose boys basketball players worked out with Plaintiff's basketball team. Plaintiff acquired the requested insurance, but Mr. Brown did still not allow the entirety of the feeder schools to use the facilities at East St. John School. The failure of Mr. Brown to allow the entirety of the feeder schools to participate in workouts with the Plaintiff's basketball team negatively impacted the potential success of the Plaintiff's team.

16.	In August of 2019, Brandon Brown and Mr. Mayes refused to allow Plaintiff's basketball team to participate in Athletic PE.

17.	On September 13, 2019, Christopher Mayes and Mr. Brown removed the Plaintiff as the Head Coach of the basketball team at East St. John High School. Plaintiff was previously removed as the Head Coach of the basketball team at East St. John Hight School by Christopher Mayes and Brandon Brown on November 17, 2018, but was quickly reinstated after it was revealed that Christopher Mayes and Brandon Brown made false claims against the Plaintiff. The

Plaintiff was assured by the Superintendent at the time, Kevin George, that there would be no retaliation against the Plaintiff.

18. Clearly, the aforementioned described actions of Christopher Mayes and Brandon Brown are in retaliation of the Plaintiff's sexual harassment grievance that was filed with the SJBPSS. Furthermore, the aforementioned described actions of Christopher Mayes, Brandon Brown, Heidi Troscliar, and Cory Butler all operate to establish a systemic pattern of retaliation due to the Plaintiff's reporting of sexual harassment that was committed against him.

19. The coach of the Girls Basketball team at East St. John High School was a female at the time of the above described incident(s) as fully described herein. Upon information and belief, at no point in time did Christopher Mayes and/or Brandon Brown require that the Coach of the Girls Basketball team or any sports programs such as soccer, baseball, and softball, acquire insurance to allow feeder school players to use the school's facilities, the girls basketball team, as well as the soccer, baseball, and softball teams, were not locked out of the practice facilities, and the girls basketball players, as well as the soccer, baseball, and softball teams, were allowed to participate in Athletic P.E.

20. Christopher Mayes and Brandon Brown's conduct of harassment, disparate treatment, and acts of retaliation against the plaintiff were tactics used by both Christopher Mayes and Mr. Brown to allow Christopher Mayes to exercise control and authority over the Plaintiff due to the Plaintiff reporting acts of sexual harassment that were committed against him by Christopher Mayes.

21. The aforementioned treatment directed toward the Plaintiff was punishment for the Plaintiff filing a grievance against Christopher Mayes.

22. Neither Serena Duke, Heidi Troscliar, nor Cory Butler called the Plaintiff in order to conduct a formal investigation into his complaints. The failure of the aforementioned to properly call and conduct a formal investigation based on the Plaintiff's complaints contributed to the acts of harassment, disparate treatment, and retaliation that Plaintiff was experiencing by Christopher Mayes and Cory Butler.

23. The implementation of the above-described actions towards plaintiff by Christopher Mayes and Mr. Brown were directly and indirectly an abusive method of control, punishment, avoidance, and/or disempowerment.

24. The conduct of Christopher Mayes and Mr. Brown was a constructive termination of the Plaintiff and the Plaintiff continues to suffer from anxiety and emotional distress.

## RETALIATION

25. Christopher Mayes and Brandon Brown retaliated against Plaintiff for filing a claim or grievance against defendant Christopher Mayes in violation of Louisiana Revised Statute 23:967 and Louisiana Revised Statute 42:1169.

26. Plaintiff re-asserts and re-alleges the allegations in paragraphs 1-24.

27. Defendants, in particular Defendant Christopher Mayes, were engaged in acts contrary to law and violations of the Code of Governmental Ethics regarding allowing acts of retribution towards the Plaintiff.

28. Furthermore, Heidi Trosclair, Serena Duke, and Cory Butler's acquiescence in the acts of retaliation displayed by Brandon Brown and Christopher Mayes further added to Plaintiff's anxiety and emotional distress.

29. Defendants are liable in solido to Plaintiff for loss of past and future wages and benefits, mental and emotional pain and suffering, humiliation, and embarrassment, any and all penalties and punitive damages as allowed by law, and attorney fees.

30. Plaintiff requests a jury trial.

Wherefore plaintiff, Charles Julien, prays that his Complaint be deemed good and sufficient and after due proceedings be had there be judgment herein in favor of plaintiff and against defendants together with interest, attorney fees, and all other equitable relief allowed by law.

Respectfully submitted,

*/s/ Harold D. Register, III*
H.D. REGISTER, III (LSBN 35290)
102 Versailles Blvd., Ste 620
Lafayette, LA 70501
Phone: (337) 735-4443
Fax: (227) 291-2433
Email: hregister3@mccorveylaw.com
**Counsel for Charles Julien**