UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| CHARLES JULIEN | ) | DOCKET NO. 21-01081 |
|---|---|---|
| | ) | |
| VERSUS | ) | JUDGE SARAH H. VANCE |
| | ) | |
| ST. JOHN THE BAPTIST | ) | MAGISTRATE JUDGE |
| PARISH SCHOOL BOARD, ET AL. | ) | DANA DOUGLAS |

**************************************************************************

**MEMORANDUM IN SUPPORT OF RULE 12(b)(6), 12(b)(5), and 12(b)(2) MOTION TO DISMISS COMPLAINT BY ST. JOHN THE BAPTIST PARISH SCHOOL BOARD, CHRISTOPHER MAYES, AND BRANDON BROWN**

**STATEMENT OF THE CASE**

Charles Julien claims that he was sexually harassed and retaliated against by his supervisor and co-workers at East St. John High School. He was hired to work as a teacher and the head boys' basketball coach at the school in August 2017. R. Doc. 1, ¶¶ 1, 2, 11. After the basketball team compiled a record of 24 wins and 39 losses, Julien was relieved of his coaching duties on September 13, 2019. *Id.* at ¶ 17. The decision to relieve Julien of his coaching duties did not impact his teaching position. Indeed, as of the date of this pleading, Julien is still employed by St. John the Baptist Parish School Board as a teacher.

The complaint was filed on June 3, 2021, against the School Board, Heidi Trosclair, Corey Butler, Christopher Mayes, and Brandon Brown. *Id.* at ¶¶ 4-8.[1] Trosclair served as the interim superintendent of the school system from June 2019 until December 2019. She was

---

[1] Serina Duke, who is not represented by undersigned counsel, is also named as a defendant in the petition. Upon information and belief, Mrs. Duke has not been served in this matter.

replaced by Butler who served as interim superintendent from January 2020 until July 2020.[2] At all relevant times, Mayes (principal) and Brown (athletic director) were also School Board employees and worked at East St. John High School.

In the complaint, Julien claims that he was sexually harassed by Mayes and retaliated against by Mayes and Brown in violation of Title VII of the Civil Rights Act of 1964. *See* R. Doc. 1, ¶¶ 10-23. Julien also claims that he was retaliated against in violation of the (a) general whistleblower statute (La. R.S. 23:967 *et seq*.) and (b) ethics whistleblower statute (La. R.S. 42:1169 *et seq*.) established by Louisiana law. *Id*. at ¶¶ 25, 27. The complete dismissal of those claims is required for several reasons.

## SUMMARY OF THE ARGUMENT

First, dismissal of the Title VII sexual harassment and Louisiana whistleblower claims is required because is apparent from the face of the complaint that the claims are time-barred. Additionally, Julien's attempt to assert a cause of action for an alleged violation of the Louisiana ethics whistleblower law set forth in Louisiana Revised Statute 42:1169 is legally invalid because the courts have consistently held that a private right of action does not exist under the statute. Likewise, Julien's attempt to assert a direct Title VII claim against Mayes and Brown is also legally invalid because the courts in this circuit have consistently recognized that there is no individual liability for employees under Title VII.

Dismissal of the claims asserted against the School Board is also required under Rules 12(b)(5) and Rule 12(b)(2) of the Federal Rules of Civil Procedure. The facts and evidence show that the School Board was not properly and timely served as required by Rule 4(m). And,

---

[2] As of the date of this pleading, Heidi Trosclair and Corey Butler have not been served with the summons and complaint. For that reason, this motion can and is only being filed on behalf the School Board, Mayes, and Butler. Responsive pleadings will be filed by Trosclair and Butler if and when they are served.

as a result of the improper service, the court potentially lacks authority to assert personal jurisdiction over the School Board. Finally, Julien's request for punitive damages must be dismissed because such damages cannot be recovered against governmental entities such as the School Board.

## LAW AND ARGUMENT

### A. The Title VII sexual harassment and Louisiana whistleblower claims are time-barred and must be dismissed against all defendants with prejudice.

A Rule 12(b)(6) motion for failure to state a claim is appropriate when a claim is time-barred. *Jones v. ALCOA, Inc.,* 339 F.3d 359, 366 (5th Cir. 2003) (citations omitted) ("[a] statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred, and the pleadings fail to raise some basis for tolling or the like"); *see also Kansa Reinsurance. Co., Ltd. v. Cong. Mortg. Corp. et al.,* 20 F.3d 1362, 1366-70 (5th Cir. 1994)(dismissing, under Rule 12(b)(6), a time barred claim clearly filed after the applicable statute of limitations expired); *see also*, *Vandenweghe v. Jefferson Parish,* 11-2128, 2012 WL 1825300, (E.D. La. May 18, 2012)(evaluating defense of prescription under 12(b)(6). As noted by this court, if it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed. *Vandenweghe,* 2012 WL 1825300, at *10 (*citing Carbe v. Lappin,* 492 F.3d 325, 328 n.9 (5th Cir. 2007)).

#### 1. The Title VII claims are subject to the 300-day filing deadline.

In general, the plaintiff in a Title VII case must file a charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC") no later than 180 days "after the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(e)(1). The filing deadline extends to 300 days if the plaintiff has "instituted proceedings with a State or local agency with authority to grant or seek relief from such practice . . . ." 42 U.S.C. § 2000e-5(e)(1); *see also*, *Griffin v.*

*Dallas*, 26 F.3d 610, 612 (5th Cir. 1994). The Supreme Court, the Fifth Circuit, and this court have all recognized that both deadlines operate as a statute of limitations that will result in the dismissal of all claims occurring outside of the applicable filing deadline. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)(holding that filing a timely charge of discrimination with the EEOC operates like a statute of limitations); *Hague v. University of Texas Health Science Ctr.*, 569 Fed. App'x. 328, 331 (5th Cir. 1994); *O'Neal v. Cargill, Inc.*, 178 F.Supp.3d 408, 416 (E.D. La. 2016)(noting that the Title VII claims based on events that occurred more than 300 days before the EEOC charge was filed are time-barred)(internal citations omitted).

The Title VII claim alleged in the complaint can be divided into two categories: 1. sexual harassment and 2. retaliation. Both claims were included in the charge of discrimination Julien filed with the EEOC on February 11, 2020. R. Doc. 1, ¶ 10. Thus, although Julien does not allege that either claim was presented to the Louisiana Commission of Human Rights or any other state agency, both claims are governed by the 300-day filing deadline. *See Troxclair v. Patrick F. Taylor Found.*, No. 08-1128, 2008 WL 3559474, * 2 (E.D. La. 2008)(noting that the 300-day period is trigger when, like here, a work-sharing agreement exists between the EEOC and the state agency). The allegations of the complaint show that the alleged Title VII sexual harassment claim is time-barred.

**2. It is apparent from the face of the complaint that the sexual harassment claim was filed well outside of the 300-day filing deadline.**

In particular, Julien claims that he filed an internal grievance against Mayes in October 2018. R. Doc. 1, ¶ 12. The grievance was based on the allegation that Julien was "sexually harassed" by Mayes who allegedly (a) showed a naked picture of himself to Julien and (b) visually demonstrated his intent to perform a sex act on Julien. *Id*. The exact day this incident occurred is not alleged in the complaint. But, based on the allegations included in the complaint,

it is clear that the incident occurred *before* the internal grievance was filed in October 2018. And, more importantly, it is clear that at least 468 days passed before the charge of discrimination was filed with the EEOC on February 11, 2020.[3] It is well-settled that a plaintiff cannot sustain a Title VII claim based solely upon incidents that were not timely submitted to the EEOC. *See Gomez v. Orleans Par. Sch. Bd.*, No. 04-1521, 2005 WL 2050285, *3 (E.D. La. 2005)(citing *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110 (2002)(noting that each Title VII claim must be wiled within 180- or 300-day time period); *see also*, *Webb v. Cardiothoracic Surgery Assocs. of N. Tex., P.A.*, 139 F.3d 532, 537 (5th Cir. 1998)(same). Accordingly, any attempt by Julien to assert a Title VII sexual harassment claim is time-barred and must be dismissed against all defendants.

      **3.      It is also apparent from the face of the complaint that Louisiana whistleblower claims were not timely filed.**

Similarly, Julien's attempt to assert claims against the defendants under Louisiana's general whistleblower law (La. R.S. 23:967, et seq.) and the ethics whistleblower law (La. R.S. 42:1169) are prescribed. There is no prescriptive period specifically set out within either statute, so any attempt to assert a cause of action is subject to a general one-year prescriptive period. *Langley v. Pinkerton's Inc.*, 220 F. Supp. 2d 575, 581 (M.D. La. 2002)(citing *Nolan v. Jefferson Par. Hosp. Serv. Dist. No. 2*, 790 So.2d 725, 733 (La. App. 5th Cir. 2001)). Importantly, the whistleblower statutes are not suspended during any administrative review or investigation. *See e.g.*, *Lefort v. Lafourche Par. Fire Protection Dist. No. 3*, 39 F.Supp.3d 820, 826 (E.D. La. 2014)("[n]othing in the statute indicates that the prescriptive period should be suspended during the pendency of EEOC proceedings"); *see also*, *Clark v. Auger Servs., Inc.*, 443 F.Supp.2d 685,

---

[3] The exact day the internal grievance was filed with the School Board is not alleged in the complaint. Thus, for purposes of this motion, it is presumed that the grievance was filed on October 31, 2018.

712 (M.D. La. 2020)(noting that "[p]rescription for retaliation claims under La. R.S. 23:967 is not suspended during administrative review or investigation.").

It is apparent from the face of the complaint that the last alleged act of retaliation occurred on September 13, 2019, when Julien was relieved of his coaching duties. *See* R. Doc. 1, ¶ 17. The complaint was not filed until June 3, 2021, which was 629 days after Julien was relieved of his coaching duties. The allegation that Julien was retaliated against in violation of any federal or state law is meritless. But, more importantly, the allegation that he was retaliated against in violation of Revised Statute 23:967 or 42:1169 prescribed on June 3, 2020. Accordingly, all claims stemming from a violation of either statute must be dismissed with prejudice.

> **B.  Dismissal is required under Rule 12(b)(6) because Julien cannot state a cause of action under R.S. 42:1169 against any defendant and because he cannot state any cause of action under Title VII directly against Mayes and Brown.**
>
> **1.  Julien has not stated - and cannot state - a cause of action under Revised Statute 42:1169 because a private right of action does not exist under the statute.**

Julien's attempt to assert a cause of action under Revised Statute 42:1169 must be dismissed for another simple yet compelling reason: the courts have consistently held that a private cause of action does not exist under the statute. This court's decision in the recent case of *Bowie v. Hodge* illustrates the scope of the statute and throws into stark contrast any attempt by Julien state a cause of action under the statute. No. 20-2441, 2021 WL 53312, *1 (E.D. La. 2021)(M.J. van Meerveld). In *Bowie*, the plaintiff, like Julien here, filed suit alleging that her employer and co-workers retaliated against her in violation of R.S. 42:1169. *Id*. at *1. The claim was dismissed, in part, because the court concluded that an "independent cause of action [does not] exist under the statute." *Id*. at *9. Notably, the same conclusion has been reached by

every state and federal court addressing the issue. *See Collins v. State*, 118 So.3d 43, 48 (La. App. 1 Cir. 2013)(holding that Revised Statute 42:11689 "does not provide an independent right of action, rather it relies upon other statutes to provide a right of action."); *see also*, *Wilson v. Tregre*, 787 F.3d 322, 328 (5th Cir. 2015)(holding that Revised Statute 42:1169 does not provide a private right of action in state or federal court). Thus, Julien's attempt to assert a cause of action under Revised Statute 42:1169 must be dismissed because he has not stated - and cannot state - a cause of action under the statute.

> 2. **A Title VII claim cannot be brought directly against co-workers or supervisors.**

In the complaint, Julien vaguely and summarily concludes that the "[d]efendants are liable in solido to [him]" for a host of damages including "loss of past and future wages and benefits, mental and emotional pain and suffering, humiliation, and embarrassment, any and all penalties and punitive damages as allowed by law, and attorney fees." R. Doc., ¶ 29. In the context of Title VII, this court has recognized that "relief under [the statute] is only available against an employer, not an individual supervisor or fellow employee." *Bowie*, 2021 WL 53312, at *6 (*citing Umoren v. Plan Indep. Sch. Dist.*, 457 F. App'x 422, 425 (5th Cir. 2012). The term employer means "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person . . . ." 42 U.S.C. § 2000e(b). The Fifth Circuit has explained that:

> While Title VII defines the term employer to include 'any agent' of an employer, this circuit does not interpret the statute as imposing individual liability for such a claim. Congress's purpose in extending the definition of an employer to encompass an agent in Section 2000e(b) was simply to incorporate *respondeat superior* liability into Title VII. Thus, a Title VII suit against an employee is actually a suit against the corporation.

*See Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999)(internal citations omitted). The inability to assert a Title VII claim against a co-worker or supervisor applies regardless of whether the person was allegedly acting in an "individual" or "official" capacity. *See Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 382 n.1 (5th Cir. 2003)(noting that "[i]ndividuals are not liable under Title VII in either their individual or official capacities").

Here, Julien does not allege that Mayes and Brown were his employer. He instead admits that he was and currently is employed by the School Board. R. Doc. 1, ¶ 1. He also admits that Mayes was his immediate supervisor, and that Brown was nothing more than his co-worker. *Id.* at ¶¶ 4, 5. Based on these facts, there can be no recovery against Mayes or Brown regardless of whether the Title VII claims are being brought against them in their individual or official capacities. *Id.* Accordingly, in addition to being time-barred, the Title VII sexual harassment claim must be dismissed in accordance with Rule 12(b)(6). The same conclusion applies to Julien's claim that he was retaliated against in violation of Title VII by Mayes and Brown.

### C. The complaint should be dismissed against the School Board pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure.

#### 1. Julien failed to properly serve the School Board.

As previously noted, the sexual harassment claim is time-barred and must be dismissed with prejudice against all defendants including the School Board. But, based upon the allegations of the complaint, it appears that the retaliation claim was timely filed with the EEOC. The retaliation claim, and all claims alleged against the School Board, must be dismissed in accordance with Rule 12(b)(5) of the Federal Rules of Civil Procedure due to insufficient service of process.

To effect service on a political subdivision like the School Board, a plaintiff must (a) serve a copy of the summons and complaint on the chief executive officer or (b) serve the

political subdivision in compliance with state law. *See* Fed. R. Civ. P. 4(j)(2). Louisiana statutory law provides that "[i]n suits against school boards citation shall be served on the president of the board and in his absence on the vice-president." *See* La. R.S. 17:51; *see also*, *Jackson v. St. John the Baptist Par. Sch. Bd.*, 13-103 (La. App. 5 Cir. 6/27/13), 121 So.3d 164, 169 (noting that La. R.S. 17:51 sets forth the exclusive process for serving school boards). In this case, Julien failed to comply with the requirements of Rule 4 and Louisiana law.

In particular, Julien has not shown - and cannot show - that a copy of the complaint and summons was served on the School Board's chief executive officer, president, or vice-president.[4] Instead, it appears that a copy of the complaint and summons was served on the School Board's secretary. While she is a valuable employee, the secretary is not authorized or otherwise designated to receive documents on behalf of the School Board. Moreover, she does not serve as the Board's chief executive officer and is not the lawful agent for service of process for the Board's president or vice-president.

### 2. Dismissal is also warranted because plaintiffs failed to properly serve the School Board within 90 days as required by Rule 4(m).

When service is not properly made within 90-days of the complaint being filed, courts are required to either dismiss the action without prejudice as to each defendant not served or order that service be made within a specified time. If the plaintiff demonstrates good cause for the failure to timely serve process, the court must provide an appropriate extension of the time for service. *See* Fed. R. Civ. P. 4(m). A showing of good cause requires "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice . . . ." *Winters v. Teledyne Movible Offshore Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985). Additionally, the plaintiff must make some showing of

---

[4] Each summons was issued on June 7, 2021 (R. Doc. 10); however, Julien has not filed the returns as of the date of this pleading.

good faith and establish "some reasonable basis for noncompliance within the time specified . . . ." *Id.*

As discussed above, there is no showing in the record that process has been properly served on the School Board. As this action was commenced on June 3, 2021, the 90-day period within which plaintiffs were required to serve the defendants under Rule 4(m) expired on October 1, 2021.[5] In order to comply with the Rule 4(m) mandate, defendants must be "properly" served before the deadline expires. *See Lindsey v. U.S. R.R. Retirement Bd.*, 101 F.3d 444 (5th Cir. 1996)(noting that a complaint is subject to dismissal if *proper* service is not made within the deadline set forth in Rule 4)(emphasis added). Here, the School Board is not aware of any reason, much less a "good" reason, why Julien failed to timely serve the School Board. Accordingly, his complaint is subject to dismissal in accordance with Rule 4(m).

> **D.** **The complaint should be dismissed against the School Board pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.**

The service of process required by the federal rules is both mandatory and jurisdictional. *See e.g.*, *Fairchild v. IRS*, 450 F.Supp.2d 654, 656 (M.D. La. 2006)(*citing Sanchez-Mariana v. Ellingwood*, 691 F.2d 592, 594 (1st Cir. 1982)). Only proper service in the manner required by the federal rules invests a court with jurisdiction to adjudicate a plaintiff's action against a named defendant. *Id.* A defendant's actual notice of the pendency of an action is irrelevant if service of process fails to comport with the statutory requirements. *Id.*; *see also*, *Way v. Mueller Brass Co.*, 840 F.2d 303, 306 (5th Cir. 1988). Julien's failure to timely and properly serve summons an complaint essentially prevents the court from asserting personal jurisdiction over the School

---

[5] The original deadline to serve the complaint and summons was September 1, 2021; however, the deadline was suspended in accordance with General Order 21-12 which was issued on September 4, 2021, by Chief Judge Nannette Jolivette Brown in response to the catastrophic damage caused by Hurricane Ida.

Board. As such, this case should be dismissed on the additional ground of lack of jurisdiction pursuant to Rule 12(b)(2).

    **E.    Julien is not entitled to punitive damages.**

Finally, Julien claims that he is entitled to punitive damages. *See* R. Doc. 11, pg. 9. That claim is false. It is true that Title VII authorizes punitive damages in discrimination cases. *See* 42 U.S.C. § 1981a. That rule does not apply when the defendant is a government, government agency, or political subdivisions like the School Board. *See Oden v. Oktibbeha Cnty.*, 246 F.3d 458, 465-66 (5th Cir. 2001)(noting that "[Title VII] precludes plaintiffs from recovering punitive damages against governments, government agencies, and political subdivisions."); *see also*, *Moore v. Tangipahoa Parish School Bd.*, 594 F.2d 489, 494 (5th Cir. 1979)(recognizing that "school boards are autonomous political subdivisions."). Accordingly, Julien's request for punitive damages must also be dismissed with prejudice as a matter of law.

## CONCLUSION

For the reasons discussed above, all claims must be dismissed with prejudice.

    Respectfully Submitted,

    **HAMMONDS, SILLS, ADKINS, GUICE,**
    **NOAH, & PERKINS, LLP**

BY: *Courtney T. Joiner*
    **COURTNEY T. JOINER, T.A.**
    Louisiana Bar Roll No. 32878
    **MELISSA S. LOSCH**
    Louisiana Bar Roll No. 26811
    **EVAN M. ALVAREZ**
    Louisiana Bar Roll No.: 31596
    2431 S. Acadian Thruway, Suite 600
    Baton Rouge, Louisiana 70808
    (225) 923-3462 telephone
    (225) 923-0315 facsimile