UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHARLES JULIEN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-1081** |
| **ST. JOHN THE BAPTIST PARISH SCHOOL SYSTEM, ET AL.** | **MAG. SECTION 3** |

**ORDER AND REASONS**

Before the Court is a Rule 12(b)(6), 12(b)(5), and 12(b)(2) Motion to Dismiss Complaint (Rec. Doc. No. 12) filed by defendants, St. John the Baptist Parish School Board, Christopher Mayes, and Brandon Brown. Plaintiff, Charles Julien, has filed an opposition. (Rec. Doc. No. 21). Having considered the briefs and the applicable law, the Motion to Dismiss is **GRANTED** as outlined below.

**I.    BACKGROUND**

**a.  Initial Complaint**

Plaintiff filed his complaint alleging violations of Title VII and Louisiana state law on June 3, 2021, naming the St. John the Baptist Parish School System ("SJBPSS"), Christopher Mayes, Brandon Brown, Serena Duke, Cory Butler, and Heidi Trosclair as defendants. (Rec. Doc. No. 1, p. 2). According to the record, Plaintiff filed an administrative complaint with the Equal Employment Opportunity Commission (EEOC) on or about February 11, 2020.[1] (Rec. Doc. No. 1, p. 2). On April 6, 2021, the EEOC issued a right to sue letter to Plaintiff. *Id*.

According to the complaint filed herein, Plaintiff was an English teacher and Head Coach of the boys basketball team at East St. John High School since August of 2017. (Rec. Doc. No. 1,

---

[1] The Court notes that the referenced EEOC complaint was not attached to the instant complaint nor as an exhibit to any of the pleadings in the instant matter, and therefore cannot verify the exact dates.

1

p. 2). In October of 2018, he filed an internal grievance against Christopher Mayes for sexual harassment through comments and gestures. *Id*. Specifically, Plaintiff alleges that Mr. Mayes showed him a nude photograph of himself, and then made a lewd gesture indicating he wanted to perform sexual acts on him. *Id*. Two days after the filing of the internal grievance, Plaintiff was informed by Serena Duke that the SJBPSS did not find any wrongdoing by Mr. Mayes. *Id*. at 3.

Plaintiff alleges that several months later, Mr. Mayes and Mr. Brown began to retaliate against him beginning in April of 2019 including where Plaintiff and the basketball team were locked out of the practice facility on at least four occasions, where Mr. Brown refused to allow the basketball team to partake in physical education class in August of 2019, and culminating with Mr. Brown and Mr. Mayes removing Plaintiff as the Head Coach of the basketball team. *Id*. Plaintiff contends these actions were taken in retaliation for his sexual harassment grievance filed with SJBPSS. *Id*.

Based upon the aforementioned actions, Plaintiff brings claims for retaliation under Title VII[2] and in violation of Louisiana Revised Statute 23:967 as well as whistleblower violations under Louisiana Revised Statute 42:1169. (Rec. Doc. No. 1, p. 5 & Rec. Doc. No. 28, p. 2). On February 1, 2022, Plaintiff filed a Motion to Dismiss Cory Butler and Heidi Trosclair as Defendants, (Rec. Doc. No. 34), which the Court subsequently granted. (Rec. Doc. No. 36). On October 29, 2021, Defendants Brown, Mayes, and SJBPSS filed the instant motion to dismiss pursuant to Rules 12(b)(6), 12(b)(5), and 12(b)(2). (Rec. Doc. No. 12).

### b. Amended Complaint

On December 7, 2021, Plaintiff filed a Motion for Leave to File First Supplemental and Amended Complaint (Rec. Doc. No. 20), which this Court granted on January 10, 2022. (Rec.

---

[2] Discussed in detail below, Defendant was of the impression that Plaintiff also brought a Title VII sexual harassment claim. However, Plaintiff has clarified that he brings no claim for sexual harassment under Title VII.

Doc. No. 27).[3] The supplemental and amended complaint names Dr. Lynett Hookfin, the Superintendent of SJBPSS, as an additional defendant. (Rec. Doc. No. 28). There, Plaintiff alleges that on October 29, 2021, Dr. Hookfin removed Plaintiff from his position at East St. John High School and transferred him to East St. John Preparatory School. *Id*. at 2. Plaintiff alleges that this action was "punishment" for filing a grievance against Mr. Mayes, as well as filing his complaint in the instant matter. *Id*.

II.     **THE PARTIES' CONTENTIONS**

Defendants contend that dismissal of the claims asserted against the School Board is required under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5) because the School Board was not properly and timely served as required by Federal Rule of Civil Procedure 4(m). (Rec. Doc. No. 12-1, p. 2). Defendants argue that the Court potentially lacks authority to assert personal jurisdiction over the School Board as a result of improper service. *Id*. at 3.

Pursuant to Rule 12(b)(6), Defendants argue that dismissal of the Title VII sexual harassment and Louisiana whistleblower claims is required because the claims are time-barred. (Rec. Doc. No. 12-1, p. 2). Further, Defendants contend that Plaintiff's attempt to assert a cause of action for an alleged whistleblower violation under Louisiana Revised Statute 42:1169 is legally invalid because courts have consistently held that a private right of action does not exist under the

---

[3] Plaintiff does not argue, but Defendants raise the issue of whether the amended complaint renders the instant Motion to Dismiss moot. (Rec. Doc. No. 25, p. 3). To be clear, courts in this district generally adhere to the rule that an amended complaint renders a motion to dismiss the original complaint moot. *See, e.g., Stevens v. St. Tammany Par. Gov.*, Civ. A. No. 20-928, 2020 WL 4219638, at *4 (E.D. La. 2020). However, that general rule does not automatically apply when the motion to dismiss attacks the original complaint for deficiencies that continue to persist in the amended complaint. *Id*. (noting that courts in the Fifth Circuit consider whether the amended complaint cures defects in the original pleading before deciding whether the pending motion to dismiss is moot). Here, the Court agrees with Defendants that the instant motion to dismiss is not moot based on the filing of the amended complaint. The amended complaint does not change any of the allegations set forth in the original complaint but adds seven factual allegations to support a new claim against a new defendant. (*See* Rec. Doc. No. 28). Therefore, the Court proceeds to analyze the motion to dismiss.

3

statute. *Id*. Additionally, Defendants contend that the Title VII claim against Mr. Mayes and Mr. Brown is legally invalid because courts in this circuit have consistently recognized that there is no individual liability for employees under Title VII. *Id*. Finally, Defendants contend that the request for punitive damages must be dismissed because such damages cannot be recovered against governmental entities such as the School Board. *Id*.

First, Plaintiff argues that the interests of justice favor this Court denying the motion to dismiss on grounds of personal jurisdiction pursuant to Rule 12(b)(2) and improper service under Rule 12(b)(5). *Id*. Plaintiff claims that any improper service can be cured by allowing Plaintiff time to correctly serve SJBPSS, which would establish personal jurisdiction over the School Board. *Id*. at 3-4. Plaintiff contends that good cause exists because the School Board has been placed on notice and is, therefore, not surprised or ambushed by the litigation, and the School Board has been aware since the filing of the internal grievance, the EEOC process, and the provision of the summons and complaint to "its office." *Id*. at 4. Plaintiff also contends good cause exists because service was attempted by utilizing two different methods upon the School Board: first, in person wherein the School Board was presented with a copy of the summons and complaint, and second, via certified mail. *Id*.

Additionally, Plaintiff in opposition clarifies that his complaint does *not* contain a claim for sexual harassment under Title VII.[4] While Plaintiff acknowledges that the complaint does in fact "contain allegations of sexual harassment," he contends that the litigation is solely focused on claims for retaliation, workplace harassment, and disparate treatment that transpired "as a result of the Plaintiff filing an internal grievance for the *reporting* of sexual harassment." (Rec. Doc. No.

---

[4] Defendant made various arguments regarding the dismissal of Plaintiff's Title VII sexual harassment claims. (*See* Rec. Doc. No. 12). Because Plaintiff has clarified that his complaint does not contain any Title VII sexual harassment claim, the Court will not address those arguments.

21, p. 2) (emphasis in original). Regarding those claims, Plaintiff further contends that he complied with all required deadlines, and that those claims should therefore not be dismissed.

Plaintiff also contends that the Louisiana whistleblower claims are not time barred because of the continuing tort doctrine. (Rec. Doc. No. 21, p. 2). Plaintiff states that Defendants had a continuous duty not to commit the acts of reprisal alleged herein. *Id*. at 3.

Plaintiff concedes that dismissal of the whistleblower claims may be appropriate against Mr. Mayes and Mr. Brown. (Rec. Doc. No. 21, p. 3). Plaintiff also provides that dismissal may be appropriate against Mr. Mayes and Mr. Brown regarding the Title VII claims. *Id*. However, Plaintiff maintains that the Title VII claims against St. John the Baptist Parish School System should remain. *Id*. Finally, Plaintiff argues that he is entitled to punitive damages. *Id*. He contends that the cases cited by Defendants give no specific indication that school boards are immune from liability for punitive damages. *Id*. at 5.

### III.   APPLICABLE STANDARDS

   a.  <u>12(b)(2) & 12(b)(5)</u>

A motion to dismiss pursuant to Rule 12(b)(2) asserts that the district court lacks personal jurisdiction over one or more defendants. *See* Fed. R. Civ. P. 12(b)(2). In this case, Defendant moves pursuant to 12(b)(2) for lack of personal jurisdiction due to improper service of process. (Rec. Doc. No. 12-1).

Rule 12(b)(5) permits a defendant to move to dismiss a complaint for improper service of process. *Lee v. OfferUp, Inc.*, 2018 WL 1326154, at *2 (E.D. La. Mar. 15, 2018). "A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint." *Id*. (quoting 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1353 (3d ed.)). "Federal Rule of Civil

5

Procedure 12(b)(5) provides for dismissal of a claim if service of process was not timely made in accordance with Federal Rule of Civil Procedure 4 or was not properly served in the appropriate manner." *Wallace v. St. Charles Parish Sch. Bd.*, 2005 WL 1155770, at *1 (E.D. La. May 5, 2005). "If a defendant is not served within 90 days after the complaint is filed, the court ... must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

Significantly, if a party is not validly served with process, proceedings against that party are void. *Doe v. St. James Parish School Board*, 2016 WL 1558794, at *1 (E.D. La. Apr. 18, 2016) (citing *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981)). When service of process is challenged, the party on whose behalf service was made bears the burden of establishing its validity. *Id.* "The district court enjoys a broad discretion in determining whether to dismiss an action for ineffective service of process." *George v. U.S. Dep't of Labor*, 788 F.2d 1115, 1116 (5th Cir. 1986).

    b. <u>12(b)(6)</u>

A Rule 12(b)(6) motion for failure to state a claim is appropriate when a claim is time-barred, as is alleged here. *Jones v. ALCOA, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) (citations omitted) ("A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred, and the pleadings fail to raise some basis for tolling or the like."); *see also Kansa Reinsurance Co., Ltd. v. Cong. Mortg. Corp.*, 20 F.3d 1362, 1366-70 (5th Cir. 1994) (dismissing a time barred claim filed after the applicable statute of limitations expired pursuant to Rule 12(b)(6)). When deciding a 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Hendrix v. iQor Inc.*, 2021 WL 3040776, at *2 (N.D. Tex. June 7,

2021) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (international quotation marks and citations omitted)). To survive a Rule 12(b)(6) motion, therefore, a complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555).

This pleading standard does not require "detailed factual allegations," but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the plaintiff is plausibly entitled to relief. *Id.* at 678 (citing *Twombly*, 550 U.S. at 557).

"In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the factual information to which the court addresses its inquiry is limited to (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019) (citing *Norris v. Hearst Tr.*, 500 F.3d 454, 461 n.9 (5th Cir.

2007)); *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 640 n.2 (5th Cir. 2005); *see also* Fed. R. Evid. 201(b)(2) (permitting courts to judicially notice a fact that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"). "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'" *Cutrer v. McMillan,* 308 Fed.Appx. 819, 820 (5th Cir.2009) (quoting *Clark v. Amoco Prod. Co.,* 794 F.2d 967, 970 (5th Cir.1986)).

## IV. LAW AND ANALYSIS

### a. Personal Jurisdiction and Improper Service

This Court lacks personal jurisdiction over the School Board due to improper service of process pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(5). (Rec. Doc. No. 12-1). "Personal jurisdiction … is an essential element of the jurisdiction of the [court], without which the court is powerless to proceed to an adjudication." *Pervasive Software, Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 232 (5th Cir. 2012) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1990)) (internal quotation omitted). It is only through proper service in the manner required by the federal rules that invests a court with jurisdiction to adjudicate a plaintiff's action against a named and properly served defendant. *See Fairchild v. I.R.S.*, 450 F.Supp.2d 654, 656 (M.D. La. 2006). A defendant's actual notice of the pendency of an action is irrelevant if service fails to comport with the statutory requirements for proper service. *Id*. (citing *Wuchter v. Pizzutti*, 276 U.S. 13, 24, 48 S.Ct. 259, 72 L.Ed. 446 (1928); *McGuire v. Sigma Coatings, Inc.*, 48 F.3d 902, 907 (5th Cir. 1995); *Way v. Mueller Brass Co.*, 840 F.2d 303, 306 (5th Cir. 1988)). Put simply, courts cannot exercise jurisdiction over an improperly served defendant. *Murphy Bros, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999); *Densys Ltd. v. 3Shape Trios A/S*, 336 F.R.D. 126, 129 (W.D. Tex. 2020).

Defendants argue that all claims against the SJBPSS must be dismissed in accordance with Rule 12(b)(5) of the Federal Rules of Civil Procedure due to insufficient service of process. (Rec. Doc. No. 12-1, p. 8). Specifically, Defendants contend that Plaintiff failed to comply with the requirements of Rule 4 and Louisiana law, and further, that Plaintiff served only the Secretary and cannot show that a copy of the complaint and summons was served on the School Board's chief executive officer, president, or vice-president. *Id*. at 9.

To effect service on a political subdivision such as the School Board, a plaintiff must either serve a copy of the summons and complaint on the chief executive officer or serve the political subdivision in compliance with state law. Fed. R. Civ. P. 4(j)(2). Louisiana Revised Statute 17:51 requires that all lawsuits against school boards "shall be served on the President of the board and in his absence on the vice-president." La. R.S. 17:51; *Randolph v. East Baton Rouge Parish School Board*, Civ. A. No. 15-654-SDD-EWD, 2016 WL 868230, at *1 (M.D. La. Mar. 4, 2016). The Fifth Circuit Court of Appeals of Louisiana has held that in cases involving serving a school board, the application of La. R.S. 17:51 controls. *Jackson v. St. John The Baptist Parish School Board*, 13-103 (La. App. 5 Cir. 6/27/13), 121 So.3d 164, 169. Furthermore, Rule 4(m) requires that the plaintiff serve the proper defendant within ninety days of filing the complaint with the court. Fed. R. Civ. P. 4(m).

Plaintiff does not argue that Defendants have been properly served. Instead, Plaintiff argues that the "interests of justice" require the complaint not be dismissed because "any purported insufficient service can be properly cured by allowing the Plaintiff to serve the individuals as indicated by the Defendant." (Rec. Doc. No. 21, p. 3). Plaintiff states that the School Board is on notice and would not be "surprised or ambushed" by the litigation. *Id*. at 4. Further, Plaintiff argues that good cause exists for an extension of time to serve because he utilized two different methods

9

to serve the school board—both in person and *via* certified mail. *Id*.

A review of the exhibits shows that Plaintiff personally served Stacy Wallar of SJBPSS on August 27, 2021. (Rec. Doc. No. 21-1, p. 2). The certified mail delivery was picked up at the post office on September 22, 2021. (Rec. Doc. No. 21-3, p. 1). Defendant states that Stacy Wallar is the secretary of the SJBPSS. (Rec. Doc. No. 12-1, p. 9). On its face, Plaintiff has failed to properly serve SJBPSS, as the complaint and summons was not served on the chief executive officer pursuant to Rule 4(j)(2), nor has it been served on the president or vice-president pursuant to La. R.S. 17:51. Furthermore, the improper personal service of Stacy Wallar is the only method that reached Defendants within 90 days of the filing of the complaint on June 3, 2021.

Rule 4(m) notes that when service is not properly made within ninety days of the complaint being filed, courts are required to either dismiss the action without prejudice as to each defendant not served or order that service be made within a specified time. Fed. R. Civ. P. 4(m). If the plaintiff demonstrates good cause for the failure to timely serve process, the court must provide an appropriate extension of time for service. *Id*. A showing of good cause requires, "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice…" *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985). Further, some showing of "good faith on the part of the party seeking an enlargement *and* some reasonable basis for noncompliance within the time specified" is normally required. *Id*. (quoting 10 Wright & Miller Federal Practice and Procedure: Civil § 1165 at 622).

Here, Plaintiff suggests that good cause is shown because Plaintiff attempted two different types of service and has filed an amended complaint which can be served correctly. (Rec. Doc. No. 21, p. 4). This does not justify good cause, as no explanation for the failure to properly follow

the rules has been shown.

The Fifth Circuit has affirmed the dismissal of many claims raising issues with good cause determinations. In *Systems Supplies v. U.S. Department of Justice, Washington, D.C.*, the Fifth Circuit held that the district court did not abuse its discretion in finding that a litigant failed to show good cause, despite the litigant's *pro se* status, his multiple attempts to serve defendants within the statutory period, and the fact that defendants had actual notice of the suit. 903 F.2d 1011, 1013-14 (5th Cir. 1990) (per curiam). In *Newby v. Enron Corp.*, the Fifth Circuit affirmed the district court's dismissal despite the statute of limitations having run and rejected plaintiffs' claims that they had good cause for delay because they were unaware of deficits in service and were confused over the status of a bankruptcy stay. 284 Fed.Appx. 146, 149-50 (5th Cir. 2008) (per curiam). The Fifth Circuit held that this amounted to "inadvertence, mistake of counsel, and unfamiliarity with rules, all matters that fall short of the excusable neglect threshold." *Id*. Likewise, the Fifth Circuit upheld a district court's finding of no good cause when plaintiffs wrongly attempted to serve the United States Attorney by mail in July and after being notified of improper service, failed to perfect service until December. *McGinnis v. Shalala*, 2 F.3d 548, 549, 551 (5th Cir. 1993) (per curiam). Likewise, here, Plaintiff had notice of the failure to correctly serve the School Board as early as October 2021 when the instant motion was filed informing him of insufficient service of process. Despite that, Plaintiff has made no attempt to correctly serve the School Board to cure any defects, almost nine months later. Further, two incorrect attempts at service illustrate "inadvertence, mistake of counsel, and unfamiliarity with the rules," which the Fifth Circuit has held "fall[s] short of the excusable neglect threshold." *See Newby*, 284 Fed.Appx. at 149-50.

Accordingly, the Court finds that Plaintiff has failed to properly serve SJBPSS, and the

Court uses its discretion to dismiss all claims against SJBPSS without prejudice pursuant to 12(b)(2) an 12(b)(5) of the Federal Rules of Civil Procedure.

### b. Plaintiff's Concessions

Plaintiff acknowledges that dismissal of claims under Title VII and La. R.S. 42:1169 against coworkers and supervisors is likely appropriate, specifically with regard to Mr. Mayes and Mr. Brown.

#### i. Title VII Claims Against Co-Workers

Title VII states that "[i]t shall be an unlawful employment practice for an employer … to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Mr. Julien alleges a cause of action against SJBPSS, Mr. Brown, and Mr. Mayes. (Rec. Doc. No. 1). Defendants move to dismiss the Title VII claims against the individual defendants in both of their capacities. (Rec. Doc. No. 12, p. 7-8). Plaintiff concedes that dismissal against Mr. Brown and Mr. Mayes may be appropriate as Plaintiff's co-worker and supervisor respectively. (Rec. Doc. No. 21, p. 3).

The Fifth Circuit has long held that individuals are not liable under Title VII in either their individual *or* official capacities. *Ackel v. National Communications, Inc.*, 339 F.3d 376, fn. 1 (5th Cir. 2003) (citing *Smith v. Amedisys Inc.*, 298 F.3d 434, 448-49 (5th Cir. 2002)). "[T]itle VII does not permit the imposition of liability upon individuals unless they meet title VII's definition of 'employer.'" *Beasley v. St. Tammany Parish School Bd.*, 1997 WL 382056, at *2 (E.D. La. Jul. 9, 1997) (quoting *Grant v. Lone Star Co., B.L.*, 21 F.3d 649, 653 (5th Cir. 1994)). Relief under the statute is only available against an employer, not an individual supervisor or fellow employee. *Bowie*, 2021 WL 53312, at *6 (citing *Umoren v. Plan Indep. Sch. Dist.*, 457 F. App'x 422, 425

(5th Cir. 2012)). The term employer means "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person…" 42 U.S.C. § 2000e(b). The Fifth Circuit has explained that:

> While Title VII defines the term employer to include 'any agent' of an employer, this circuit does not interpret the statute as imposing individual liability for such a claim. Congress's purpose in extending the definition of an employer to encompass an agent in Section 2000e(b) was simply to incorporate *respondeat superior* liability into Title VII. Thus, a Title VII suit against an employee is actually a suit against the corporation.

*Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999) (internal citations omitted). Here, Mr. Julien does not allege that Mr. Mayes or Mr. Brown were his employer, and the complaint explicitly names SJBPSS as his employer. (Rec. Doc. No. 1). The complaint further states that Mr. Mayes was an immediate supervisor and Mr. Brown was a co-worker. *Id.* Thus, any Title VII claims against Mr. Mayes or Mr. Brown are dismissed with prejudice in both their personal and official capacities.

ii. Claims Under La. Rev. Stat. § 42:1169

Louisiana Revised Statute § 42:1169 governs and provides:

> Any public employee who reports to a person or entity of competent authority or jurisdiction information which he reasonably believes indicates a violation of any law or of any order, rule, or regulation issued in accordance with law or any other alleged acts of impropriety related to the scope or duties of public employment or public office within any branch of state government or any political subdivision shall be free from discipline, reprisal, or threats of discipline or reprisal by the public employer for reporting such acts of alleged impropriety.

La. Rev. Stat. § 42:1169(A). "An employee's remedy under the Code of Governmental Ethics is through the Board of Ethics." *Collins v. State ex rel. Dep't of Nat. Res.*, 2012-1031 (La. App. 1 Cir. 5/30/13), 118 So. 3d 43, 47); *see* La. Rev. Stat. § 42:1169(B)(1)(a). Section 42:1169 "does not provide an independent right of action, rather, it relies upon other statutes to provide a right of

13

action." *Collins*, 2012-1031 (La. App. 1 Cir. 5/30/13), 118 So. 3d 43, 48.

Here, Plaintiff attempts to invoke § 42:1169 as a basis for a cause of action against Defendants. (Rec. Doc. No. 1). Defendants argue that the claim must be dismissed because there is no private right of action under § 42:1169. (Rec. Doc. No. 12, p. 6). Plaintiff concedes that this is so. (Rec. Doc. No. 21, p. 3). Thus, the Court finds that Mr. Julien's claims against Defendants under Louisiana Revised Statute § 42:1169 must be dismissed because there is no independent cause of action under the statute. *See, e.g., Bowie v. Hodge*, 2021 WL 53312, at *9 (E.D. La. Jan. 6, 2021) ("The court finds that [Plaintiff's] claims against the defendants under Louisiana Revised Statute § 42:1169 must be dismissed because there is no independent cause of action under that statute.").

### c. Time-Barred Claims

Finally, Defendants move pursuant to Rule 12(b)(6) to dismiss the Title VII and Louisiana whistleblower claims alleging that they are time-barred. (Rec. Doc. No. 12-1, p. 3). Defendants maintain that the Title VII claims are subject to the 300-day filing deadline, and that this complaint was filed outside the 300-day filing deadline.[5] *Id*. at 3-4. Defendants also contend that the Louisiana whistleblower claims were not timely filed, as they are subject to the Louisiana "general one-year prescriptive period." *Id*. at 5. [6]

The Louisiana Whistleblower statute provides that "An employer shall not take reprisal against an employee who in good faith, and after advising the employer of the violation of law…discloses or threatens to disclose a workplace act or practice that is in violation of state law."

---

[5] The Court does not address Defendants' arguments related to whether Plaintiff's Title VII claims are time-barred, as the Court has already determined that *all* claims against SJBPSS are dismissed without prejudice for improper service pursuant to Rules 12(b)(5) and 12(b)(2). The Court has also determined that any Title VII claims against Mr. Mayes or Mr. Brown are dismissed in both their personal and official capacities. This Order does not address the claims remaining against Lynett Hookfin, as they were not raised in the instant motion.

[6] The Court has already dismissed Mr. Julien's claims under La. R.S. 42:1169, thus, the Court will not address whether or not that claim is time-barred here.

La. Rev. Stat. § 23:967(A)(1). There is no prescriptive period specifically set out within the statute.

Louisiana courts typically apply the general one-year statute of limitations to these claims. *Nolan v. Jefferson Parish Hosp. Serv. Dist. No. 2*, 01-175, p. 12 (La. App. 5 Cir. 6/27/01); 790 So.2d 725, 733 ("Absent any specification within [§ 23:967], [the] cause of action … is subject to the general one-year prescriptive period for delictual actions."); *see also Langley v. Pinkerton's Inc.*, 220 F.Supp.2d 575, 581 (M.D. La. 2002). Further, there is no six-month tolling provision in the event of an administrative investigation. La. Rev. Stat. Ann. § 23:967; *Langley*, 220 F.Supp.2d at 581. Thus, claims based on violation of La. R.S. 23:967 prescribe one year from the date when the plaintiff knew of the violation. *Price v. PCS Nitrogen Fertilizer, LP*, Civ. A. No. 03-153-RET-DLD, 2010 WL 1005181, at *3 (M.D. La. Mar. 15, 2010).

Plaintiff argues that the whistleblower claims are not time barred because they are subject to the continuing tort doctrine, arguing that here, there is "no doubt" that Defendants had a continuing duty to the Plaintiff. He also contends that the transfer from East St. John High School to preparatory school "on or about" October 29, 2021, could be considered a reprisal within the meaning of the statute such to constitute a continuing tort. (Rec. Doc. No. 21, p. 2-3). Defendants argue in response that this claim is meritless because the tort alleged was not continuous, and furthermore, the transfer of Plaintiff was done by Dr. Hookfin, not Mr. Mayes or Mr. Brown. (Rec. Doc. No. 25, p. 4).

Under Louisiana law, "[w]hen tortious conduct and resulting damages are of a continuing nature, prescription does not begin until the conduct causing the damages is abated." *Williams v. Otis Elevator Co.*, 557 Fed.Appx. 299, 301 (5th Cir. 2014) (per curiam) (quoting *First Nat'l Bank v. Smith*, 29-350, p. 4 (La.App. 2 Cir. 4/2/97); 691 So.2d 355, 358). For the continuous tort doctrine to apply, "the operating cause of the injury [must] be a continuous one which results in continuous

15

damages." *Id.* (quoting *Crump v. Sabine River Auth.*, 98-2326, p. 7 (La. 6/29/99); 737 So.2d 720, 726). The continuous nature of the conduct complained of has the dual effect of rendering such conduct tortious and of delaying the commencement of prescription. *Price*, 2010 WL at *3. For the continuing tort doctrine to apply, three requirements must be met: a continuing duty owed to plaintiff, a continuing breach of that duty by defendants, and a continuing injury or damages arising day to day. *McDonnel Group, LLC v. DFC Group, Inc.*, Civ. A. No. 19-9391, 2021 WL 1088126, at *7 (quoting *Alexander v. La. State. Bd. of Private Investigator Examiners*, 2015-0537 (La. App. 4 Cir. 2/17/17), 211 So. 3d 544, 557) (internal quotation omitted). Louisiana courts have found the continuing tort doctrine applicable only in narrow circumstances, "[w]here the operating cause of injury is a continuous one and gives rise to successive damages." *Crump v. Sabine River Auth.*, 98-2326 (La. 6/29/99), 737 So. 2d 720, 726. By contrast, "[w]hen the operating cause of the injury is 'not a continuous one of daily occurrence', there is a multiplicity of causes of action and of corresponding prescriptive periods." *Id.*

Notably, Plaintiff does not cite to any case to support his claim that the continuing tort doctrine applies in this case. Specifically, the Court notes that Plaintiff has failed to show how the conduct was "continuous." The last alleged act of retaliation by Mr. Brown and Mr. Mayes occurred on September 13, 2019, when Mr. Julien was removed as head basketball coach. The complaint in this case was filed on June 3, 2021. (Rec. Doc. No. 1). In his amended complaint, Plaintiff states that Lynett Hookfin transferred him from his position at East St. John High School to East St. John Preparatory School on October 29, 2021. (Rec. Doc. No. 28). This occurred *over two years after* the last alleged act of retaliation at the hands of Mr. Brown and Mr. Mayes, suggesting that this was not a continuing tort occasioned by continual unlawful acts. *See Williams v. Otis Elevator Co.*, 557 Fed.Appx. 299, 301-02 (5th Cir. 2014). Accordingly, the Court finds that

the continuing tort doctrine does not apply here, and Mr. Julien's La. R.S. 23:967 claims against Mr. Brown and Mr. Mayes are time-barred and dismissed with prejudice.

### d. Punitive Damages

Finally, Defendants argue that Mr. Julien is not entitled to punitive damages, because although Title VII authorizes punitive damages in discrimination cases, that rule does not apply when the defendant is a government, government agency, or political subdivision. (Rec. Doc. No. 12-1, p. 11). Defendants contend that the School Board is a political subdivision, thus, it is exempt from a claim for punitive damages. *Id*. Plaintiff contends that no cases cited by Defendant speak to whether or not a School Board is exempt, and that the statute specifically authorizes punitive damages, thus, Plaintiff contends he is entitled to recover punitive damages. (Rec. Doc. No. 21, p. 5).

Congress has made clear that Title VII does not provide for punitive damages from a government agency. 42 U.S.C. § 1981a(b)(1) (excluding a government, government agency, or political subdivision from punitive damage liability). A review of cases in this circuit indicates that a school board is a "governmental agency" exempt from punitive damage liability under Title VII. *See, e.g., Hunter v. Jefferson Parish Public Sch. System*, 2017 WL 2910992, at *10 (E.D. La. Jul. 7, 2017) (citing *Pollard v. Hinds Cty.*, 2014 WL 5324384, at *2 (S.D. Miss. Oct. 17, 2014)); *Beasley v. St. Tammany Parish Sch. Bd.*, 1997 WL 382056, at *4 (E.D. La. Jul. 9, 1997) (dismissing plaintiff's claims for punitive damages from school board). Thus, should Mr. Julien attempt to state a claim for punitive damages against the School Board under Title VII moving forward, such a claim is foreclosed to him.

### V. CONCLUSION

Accordingly,

**IT IS ORDERED** that the Rule 12(b)(6), 12(b)(5), and 12(b)(2) Motion to Dismiss Complaint (Rec. Doc. No. 12) is **GRANTED**. All claims against St. John the Baptist Parish School System are **DISMISSED WITHOUT PREJUDICE**. All claims against Christopher Mayes and Brandon Brown are **DISMISSED WITH PREJUDICE**. Finally, any claim for punitive damages is **DENIED**. All claims against Dr. Hookfin and counterclaims against Mr. Julien remain.

New Orleans, Louisiana, this 7th day of July, 2022.

_____
**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**