## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**CHARLES JULIEN**                                                          **CIVIL ACTION**

**VERSUS**                                                                 **NO. 21-1081**

**ST. JOHN THE BAPTIST PARISH SCHOOL**                          **DIVISION "5"**
**SYSTEM, ET AL.**

### ORDER AND REASONS

Before the Court is a Rule 12(c) Motion for Judgment on the Pleadings (rec. doc. 52)

filed by Defendant, Dr. Lynett Hookfin.  Plaintiff, Charles Julien, opposes the motion, (rec. doc.

56), and  Hookfin has filed a reply.  (Rec. doc. 59).  Having considered the pleadings and the

case law, the Court rules as follows.

### I.      BACKGROUND

On June 3, 2021, Plaintiff filed his complaint alleging violations of Title VII of the Civil

Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and Louisiana state law.  Plaintiff named as

Defendants the St. John the Baptist Parish School System ("SJBPSS" or "School Board"),

Christopher Mayes, Brandon Brown, Serena Duke, Cory Butler, and Heidi Trosclair.  (Rec.

doc. 1 at p. 2).  According to the pleadings, Plaintiff filed an administrative complaint with

the Equal Employment Opportunity Commission ("EEOC") on or about February 11, 2020.[1]

(*Id.*).  On April 6, 2021, the EEOC issued a right to sue letter to Plaintiff.  (*Id.*).

Plaintiff was hired as an English teacher and Head Coach of the boys' basketball team

at East St. John High School in August of 2017.  (*Id.*).  In October of 2018, he filed an internal

grievance against Christopher Mayes, the school principal, for comments and gestures that

---

[1] The Court notes that the referenced EEOC complaint is not attached to the complaint nor as an exhibit to any of the pleadings, and it therefore cannot verify the exact dates.

allegedly constituted sexual harassment. (*Id.*). Specifically, Plaintiff alleged that Mayes showed him a nude photograph of himself and then made a lewd gesture indicating that he wanted to perform sexual acts on Plaintiff. (*Id.*). Two days after the filing of the internal grievance, Plaintiff was informed by Serena Duke, a Human Resources representative, that the SJBPSS did not find any wrongdoing by Mayes. (*Id.* at p. 3).

Plaintiff alleges that Mayes and Brandon Brown, Plaintiff's immediate supervisor and the high school Athletic Director, began to retaliate against him beginning in April of 2019. The acts of retaliation included locking Plaintiff and the basketball team out of the practice facility on at least four occasions and Brown refusing to allow the basketball team to partake in physical education class in August of 2019. Allegedly, the retaliation ultimately culminated with Brown and Mayes removing Plaintiff as the Head Coach of the basketball team. (*Id.*). Plaintiff maintains that these actions were taken in retaliation for his sexual harassment grievance filed with SJBPSS. (*Id.*).

Based on the aforementioned actions, Plaintiff brought claims for retaliation under Title VII and in violation of Louisiana Revised Statute § 23:967, as well as whistleblower violations under Louisiana Revised Statute § 42:1169. (Rec. doc. 1 at p. 5 & Rec. doc. 28 at p. 2).[2]

On December 7, 2021, Plaintiff filed a Motion for Leave to File First Supplemental and Amended Complaint (rec. doc. 20), which this Court granted on January 10, 2022. (Rec. doc. 27). The supplemental and amended complaint named Dr. Lynett Hookfin, the

---

[2] On October 29, 2021, Defendants Brown, Mayes, and SJBPSS filed a motion to dismiss pursuant to Rules 12(b)(6), 12(b)(5), and 12(b)(2), (Rec. doc. 12), which this Court granted. (Rec. doc. 49). On February 1, 2022, Plaintiff filed a Motion to Dismiss Cory Butler and Heidi Trosclair as Defendants, (rec. doc. 34), which this Court also granted. (Rec. doc. 36).

Superintendent of SJBPSS, as an additional defendant.   (Rec. doc. 28).   In that complaint, Plaintiff alleges that on October 29, 2021, Hookfin removed him from his position at East St. John High School and transferred him to East St. John Preparatory School.   (*Id*. at p. 2). Plaintiff alleges that this action was "punishment" for filing a grievance against Mayes, as well as filing his complaint in this lawsuit.   (*Id*.).   He further claims that no "legitimate basis" for his removal was provided, and that the transfer was "directly and indirectly an abusive method of control, punishment, avoidance, and/or disempowerment."   (*Id*.).   Thus, Plaintiff brings additional Louisiana state law claims against Hookfin pursuant to Louisiana Revised Statutes §§ 23:967 and 42:1169.

On April 12, 2022, Hookfin answered the amended complaint and filed a counterclaim against Julien alleging that his cause of action under Louisiana Revised Statute § 23:967 was brought in bad faith, entitling her to an award of attorneys' fees and costs in accordance with the statute.   (Rec. doc. 42).   Plaintiff replied on July 1, 2022, closing the pleadings.   (Rec. doc. 48).   On August 9, 2022, Hookfin filed this motion seeking judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) and the dismissal of Plaintiff's claims against her.

## II.    THE PARTIES' CONTENTIONS

Defendant brings this motion to dismiss Plaintiff's Louisiana state law § 42:1169 whistleblower and § 23:967 whistleblower retaliation claims.   (Rec. doc. 52).   Defendant argues that no private cause of action exists under § 42:1169, and that the § 23:967 claims must be dismissed as Plaintiff is unable to make a *prima facie* showing under the statute. (*Id*.).   Hookfin further asks the Court take judicial notice of a number of facts, as outlined in further detail below.

Plaintiff claims that a private cause of action exists under § 42:1169 and that he is able to make a *prima facie* showing of retaliation under § 23:967.   (Rec. doc. 56).   Plaintiff further objects to the Court taking judicial notice of any public records and argues that this motion is premature and should be decided at the summary judgment stage.   (*Id.*).

### III.    APPLICABLE STANDARDS

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).   "A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Great Lakes Ins., S.E. v. Gray Group Inv., L.L.C.*, 550 F. Supp. 3d 364, 369 (E.D. La. 2021) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)).   Accordingly, to decide a Rule 12(c) motion, the Court must determine whether the complaint, viewed in the light most favorable to the plaintiff, states a valid claim for relief.  *Id.*  The Court should accept "all well-pleaded facts as true."  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).   However, to decide whether dismissal is warranted, the Court will not accept conclusory allegations in the complaint as true.  *See Doe v. Caldwell*, 913 F. Supp. 2d 262, 271 (E.D. La. 2012) (citing *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982)).   "Judgment on the pleadings is appropriate only if material facts are not in dispute and questions of law are all that remain." *Great Lakes Ins., S.E.*, 550 F. Supp. 3d at 370 (quoting *Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 (5th Cir. 1998)).

When ruling on a Rule 12(c) motion, the Court must look only to the pleadings and exhibits attached to the pleadings. *Great Lakes Ins., S.E.*, 550 F. Supp. 3d at 370.   "If, on a motion under 12(b)(6) or 12(c), matters outside the pleadings are presented to and not

excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). However, the Court may consider documents attached to a Rule 12(c) motion without converting the motion into one for summary judgment if the documents are "referred to in the complaint and are central to the plaintiff's claim." *See Allen v. Hays*, 812 F. App'x 185, 189 (5th Cir. 2020) (quoting *Sullivan v. Leor Energy, L.L.C.*, 600 F.3d 542, 546 (5th Cir. 2010)). The Court is also permitted to consider matters of public record and other matters subject to judicial notice *without* converting a motion to dismiss into one for summary judgment. *Caldwell*, 913 F. Supp. 2d at 271 (citing *United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 379 (5th Cir. 2003)).

### IV.    LAW AND ANALYSIS

####    a.   Judicial Notice

Hookfin asks that judicial notice be taken of facts included within exhibits referenced in and attached to the supporting memorandum, including:

- Exhibit A: Christopher Mayes Personnel Change Form
- Exhibit C: East St. John Preparatory School Staff Roster (2021-22)
- Exhibit D: Charles Julien Paystub for Pay Period Ending September 30, 2021
- Exhibit E: Charles Julien Paystubs for Pay Periods Ending October 31, 2021, November 30, 2021, and December 31, 2021

(Rec. doc. 52 at pp. 1-2). Defendant argues that the above documents consist of public records or information from government websites, which may be considered without converting the motion to dismiss to a motion for summary judgment. *Id.* Plaintiff objects on the basis that the documents have not been verified or authenticated by anyone. (Rec. doc. 56 at p. 4).

Defendant argues that it is well-settled that a Court may take judicial notice of facts contained in public records. (Rec. doc. 59 at p. 5). Defendant notes that it is not required

that these records be certified, but even so, Exhibits C, D, and E all bear the official seal of the School Board and are self-authenticating under Rule 902 of the Federal Rules of Evidence. (*Id.*).  Further, Defendant attaches a "Declaration and Certification of Louisiana Public Records" to certify the authenticity of the public records, to the extent that is deemed necessary.  (*Id.*).

When considering a motion to dismiss, courts are generally "limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Van Duzer v. U.S. Bank Nat. Ass'n.*, 995 F. Supp. 2d 673, 684 (S.D. Tex. 2014) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)).  Courts may also consider "documents incorporated into the complaint by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned." *Whitfield v. City of New Orleans*, 431 F. Supp. 3d 818, 823 (E.D. La. 2019) (quoting *Meyers v. Textron, Inc.*, 540 F. App'x 408, 409 (5th Cir. 2013)).  The case law is clear that the Court may take judicial notice of matters of public record without converting a motion to dismiss into one for summary judgment. *See Cox v. Richards*, 761 F. App'x 244, 248 (5th Cir. 2019) (citing *Hall v. Hodgkins*, 305 F. App'x 224, 227 (5th Cir. 2008)); *see also Caldwell*, 913 F. Supp. 2d at 271 (citing *Humana Health Plan of Tex., Inc.*, 336 F.3d at 379); *Hebert Abstract Co., Inc. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) ("A motion brought pursuant to Fed. R. Civ. P. 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts.").

In addition to taking judicial notice of public records, the Court is permitted to take judicial notice of government websites. *Whitfield*, 431 F. Supp. 3d at 823; *Durr v. GOL, L.L.C.*, 393 F. Supp. 3d 476, 482 (E.D. La. 2019). Importantly, "[p]ublic records and government documents are generally considered not to be subject to reasonable dispute," and "[t]his includes public records and government documents available from reliable sources on the Internet." *U.S. E.E.O.C. v. E.I. DuPont de Nemours & Co.*, No. 03-1605, 2004 WL 2347559, at \*1 (E.D. La. Oct. 18, 2004) (quoting *In re Dingle*, 270 F. Supp. 2d 968, 971 (W.D. Mich. 2003)). Federal Rule of Evidence 902(5) indicates that "publications purporting to be issued by public authority," including webpages maintained on a government website, are self-authenticating. *E.I. DuPont de Nemours & Co.*, 2004 WL 2347559, at \*2.

Here, the attached exhibits that Defendant asks this Court to take judicial notice of are not only "integral to the claim" asserted by Plaintiff but include public records and/or information from government websites. Accordingly, Plaintiff's objection is overruled, and the Court takes judicial notice of Exhibits A, C, D, and E.

### b. La. Rev. Stat. § 42:1169

Defendant claims that Plaintiff's § 42:1169 claim must be dismissed as courts in this circuit and Louisiana state courts have consistently held that a private right of action does not exist under that statute. (Rec. doc. 52-1 at p. 4). Defendant notes that this Court has already dismissed this claim as applied to other Defendants and further points out that Plaintiff has previously conceded that such a cause of action does not exist. (*Id.*). Citing case law, Plaintiff claims that Louisiana law provides protection to employees like Plaintiff in the form of a right of action against his employer. (Rec. doc. 56 at pp. 4-5).[3]

---

[3] The Court notes that the case cited by Plaintiff, *Cunningham v. City of New Orleans*, did not decide the issue of

Louisiana Revised Statute § 42:1169 – or the Code of Governmental Ethics – provides:

> Any public employee who reports to a person or entity of competent authority or jurisdiction information which he reasonably believes indicates a violation of any law or of any order, rule, or regulation issued in accordance with law or any other alleged acts of impropriety related to the scope or duties of public employment or public office within any branch of state government or any political subdivision shall be free from discipline, reprisal, or threats of discipline or reprisal by the public employer for reporting such acts of alleged impropriety.

La. Rev. Stat. § 42:1169(A).

"An employee's remedy under the Code of Governmental Ethics is through the Board of Ethics." *Collins v. State ex rel. Dep't of Nat. Res.*, 118 So. 3d 43, 47 (La. Ct. App. 2013); *see* La. Rev. Stat. § 42:1169(B)(1)(a). § 42:1169 "does not provide an independent right of action, rather, it relies upon other statutes to provide a right of action." *Collins*, So. 3d at 48. Here, Plaintiff attempts to invoke § 42:1169 as the basis for a cause of action against Defendant. However, this claim must be dismissed as there is no independent cause of action under the statute. *See, e.g., Bowie v. Hodge*, No. 20-2441, 2021 WL 53312, at *9 (E.D. La. Jan. 6, 2021) ("The court finds that [Plaintiff's] claims against the defendants under Louisiana Revised Statute § 42:1169 must be dismissed because there is no independent cause of action under that statute."). Accordingly, Plaintiff's § 42:1169 claim against Hookfin is dismissed with prejudice.

### c.   La. Rev. Stat. § 23:967

Defendant argues that multiple reasons independently compel the conclusion that Plaintiff's § 23:967 claim must be dismissed with prejudice: (1) Plaintiff suffered no adverse

---

whether a private cause of action exists under § 42:1169, although it references the statute as providing whistleblower protections. 336 So. 3d 977, 990-91 (La. Ct. App. 2022). However, Louisiana courts that have addressed the issue have all held that a private cause of action does not exist. *See, e.g., Collins v. State*, 118 So. 3d 43, 48 (La. Ct. App. 2013) (holding that § 42:1169 does not provide an independent right of action, but "relies upon other statutes to provide a right of action.").

employment action; (2) there is no causal connection between any protected activity nor any act of reprisal; and (3) Plaintiff has not alleged any violation of state law. (Rec. doc. 52-1 at pp. 5-8).

Plaintiff argues that his claim should not be dismissed because: (1) he has "clearly alleged" that he suffered an adverse employment action when he was transferred; (2) a causal connection exists between the alleged protected activity and the alleged act of reprisal; and (3) he has alleged that the School Board violated state law. (Rec. doc. 56 at pp. 5-9).

At the outset, the Court notes that the Fifth Circuit and Louisiana state courts have consistently cited to Title VII standards to enforce § 23:967. *Rayborn v. Bossier Par. Sch. Bd.*, 881 F.3d 409, 415 (5th Cir. 2018) (citing *Strong v. Univ. Healthcare Sys., L.L.C.*, 482 F.3d 802, 805 n.1 (5th Cir. 2007) ("the standards governing both claims [under Title VII and § 23:967] are materially indistinguishable"); *Smith v. AT&T Sols.*, 90 F. App'x 718, 723 (5th Cir. 2004) ("[w]hile the Louisiana Supreme Court has not spoken directly on whether [Title VII's] framework applies to § 23:967 cases, Louisiana courts have often looked to federal anti-discrimination jurisprudence in interpreting Louisiana's anti-discrimination statutes"); *Inbornone v. Treasure Chest Casino*, No. 04-2150, 2006 WL 1235979, at *3 (E.D. La. May 3, 2006); *Tatum v. United Parcel Serv., Inc.*, 79 So. 3d 1094, 1103-04 (La. Ct. App. 2011)). Accordingly, this Court applies the standards and requirements of Title VII when analyzing retaliation claims under § 23:967.

In order to allege a whistleblower claim under § 23:967, an employee "establishes a prima facie case for unlawful retaliation by proving (1) that [he] engaged in activity protected by Title VII, (2) that an adverse employment action occurred, and (3) that a causal

link existed between the protected activity and the adverse employment action." *Rayborn*, 881 F.3d at 415 (quoting *Long v. Eastfield Coll.*, 88 F.3d 300, 304 (5th Cir. 1996)).

Defendant argues that Plaintiff has not alleged – indeed is <u>unable</u> to allege – that he suffered any adverse employment action. (Rec. doc. 52-1 at p. 5). Defendant claims that "the § 23:967 claim should be dismissed by the Court because the amended complaint does not include a single factual allegation suggesting that an adverse employment action occurred because Mr. Julien was transferred." (*Id.*). Defendant points to a failure to allege facts indicating that Plaintiff's salary was reduced, that he was prevented from being promoted, that he was reassigned to a position with significantly different responsibilities, and that he suffered a significant change in benefits. (*Id.*). Defendant points to the attached payroll records, which show that Plaintiff's gross monthly salary remained the same after he was transferred, and that his job title of English teacher and job responsibilities of teaching English remained the same. (*Id.* at p. 6).

Plaintiff alleges that this motion is premature and should not be subject to a summary judgment standard.[4] Plaintiff argues that a "mere perusal" of the amended complaint indicates that Plaintiff included factual allegations to suggest an adverse employment action occurred when he was transferred. (Rec. doc. 56 at p. 6). Plaintiff points to allegations in the complaint that indicate that he was "informed that he was being removed from his position at East St. John High School and being transferred to East St. John Preparatory School with no legitimate basis for his removal." (*Id.*). Plaintiff further alleges that he was transferred as

---

[4] As noted, this Court does not apply the summary judgment standard in this case, as the Court is permitted to consider matters of public record and other matters subject to judicial notice *without* converting a motion for judgment on the pleadings into one for summary judgment. *Caldwell*, 913 F. Supp. 2d at 271 (citing *Willard*, 336 F.3d at 379).

a result of filing an internal grievance and filing the complaint in this Court. (*Id.*). Specifically, he maintains that "an adverse employment action has occurred herein because he was transferred and/or reassigned from a high school where his curriculum involved teaching high school students to a middle school where his curriculum involved teaching middle school students." (*Id.* at 7). Plaintiff claims this constitutes a "significant change in employment status" that constitutes an adverse employment action. *Id.*

For the purposes of § 23:967, an adverse employment action "is defined as 'a significant change in employment status, such as hiring, firing, failure to promote, reassigning with significantly different responsibilities, or a decision causing a significant change in benefits.'" *Rayborn*, 881 F.3d at 415 (quoting *Tatum*, 79 So. 3d at 1104) (quoting *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998)). Transfers may be considered adverse employment actions only when they are punitive or may be considered demotions. *Harper v. City of Jackson Mun. Sch. Dist.*, 149 F. App'x 295, 303 (5th Cir. 2005). The Fifth Circuit has held that "a transfer or reassignment can be the equivalent of a demotion [which is a significant change in employment status] and thus constitute an adverse employment action." *Rayborn*, 881 F.3d at 416 (quoting *Thompson v. City of Waco*, 764 F.3d 500, 503 (5th Cir. 2014)) (alteration in original). "To be the equivalent to a demotion, a transfer need not result in a decrease in pay, title, or grade; it can be a demotion if the new position proves objectively worse – such as being less prestigious or less interesting or providing less room for advancement." *Id.* As the Fifth Circuit has stated, "a lateral reassignment to a position with equal pay *could* amount to a materially adverse action in some circumstances." *Aryain v. Wal-Mart Stores Tex. LP*, 534 F.3d 473, 485 (5th Cir. 2008) (emphasis added).

In *Rayborn*, the Court found that the plaintiff had not suffered an adverse employment

action when she was transferred to another school.  The Court stated, "[s]he did not lose any pay or benefits. There is no evidence that she suffered a loss of responsibilities.  Although her office facilities at the new school were subjectively less desirable, and she no longer worked at the school her children attended, these differences do not amount to a demotion." 881 F.3d at 416.  Accordingly, the Court determined that she did not suffer any significant change in employment status.  *Id.*  While the Court recognizes that *Rayborn* was decided at the summary judgment stage, this Court too has exhibits before it to support whether Plaintiff's transfer constituted an adverse employment action.

Having reviewed the pleadings, the Court finds that Plaintiff's claim under § 23:967 fails for one major reason: He cannot allege an adverse employment action.  Plaintiff has alleged no facts to indicate that his salary was reduced, that he was prevented from being promoted, that he was reassigned to a position with significantly different responsibilities, or that he suffered a significant change in benefits.  Additionally, Plaintiff has provided very little to indicate that the new position is objectively worse, such as being less prestigious, less interesting, or failing to provide room for advancement.  *See also Harper v. City of Jackson Mun. Sch. Dist.*, 149 F. App's 295, 303 (5th Cir. 2005) (finding that the plaintiff suffered no adverse employment action when she failed to provide evidence that her transfer from a high school to a middle school was an "ultimate employment action").  The attached exhibits of which this Court has taken judicial notice indicate that Plaintiff's salary remained the same.  (Rec. doc. 52-2 at pp. 5-8).  Like the plaintiffs in *Rayborn* and *Harper*, Plaintiff's transfer did not rise to the level of a demotion.

In opposition, Plaintiff clarifies that an adverse employment action occurred because he was transferred and/or reassigned from a high school where his curriculum involved

teaching high school students to a middle school where his curriculum involved teaching middle school students.  (Rec. doc. 56 at p. 7).  There is no allegation of the kind in Plaintiff's complaint or amended complaint.  "An opposition to a motion to dismiss is not the place for a party to raise new factual allegations or assert new claims."  *Peter-Takang v. Dep't of Children & Family Servs.*, No. 14-1078, 2016 WL 69633, at \*4 (E.D. La. Jan. 6, 2016); *Goodwin v. Hous. Auth. of New Orleans*, No. 11-1397, 2013 WL 3874907, at \*9 n.37 (E.D. La. July 25, 2013) (noting that it is "inappropriate to raise new facts and assert new claims in an opposition to a motion to dismiss").  In *Car Carriers, Inc. v. Ford Motor Co.*, the court stated that

> it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.  To hold otherwise would mean that a party could unilaterally amend a complaint at will, even without filing an amendment, and simply by raising a point in a brief.

745 F.2d 1101, 1107 (7th Cir. 1984) (citations omitted).  This Court has reviewed the original complaint (rec. doc. 1) and the amended complaint (rec. doc. 28) and finds no allegation that Plaintiff's adverse employment action consisted of his transfer and/or reassignment from a high school where his curriculum involved teaching high school students to a middle school where his curriculum involved teaching middle school students.[5]  Plaintiff's allegations are unavailing here.

---

[5] Given that Plaintiff has not alleged an adverse employment action, he cannot establish a *prima facie* case under § 23:967.  Accordingly, this Court need not address any of the other requirements to establish a *prima facie* case.

V.    **CONCLUSION**

Accordingly,

**IT IS ORDERED** that the Rule 12(c) Motion for Judgment on the Pleadings (Rec. doc. 52) is **GRANTED**, and Plaintiff's claims against Dr. Lynett Hookfin are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 14th day of _____February_____, 2023.

**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**